UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON CRUZ,

Case No.:  16 Civ. 8288

Plaintiff,

**FLSA
COMPLAINT**

-against-

SERGIMMO TRATTORIA, INC., and
MASSIMO BADALAMENTI,

Defendants.

---

Plaintiff, **Aaron Cruz,** ("Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Sergimmo Trattoria, Inc., doing business as Sergimmo Salumeria, located at 456 9ᵗʰ Avenue, New York, New York 10018 (herein "Sergimmo Trattoria"), and Massimo Badalamenti, individually (collectively, "the Defendants"), and states as follows:

## INTRODUCTION

1.     Plaintiff alleges that, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff Aaron Cruz is an adult resident of New York County, New York.

6.      Upon information and belief, Defendant, Sergimmo Trattoria, Inc., is a business entity operating and existing under the laws of the State of New York, with a trade name "Sergimmo Salumeria" and a principal place of business at 456 9th Avenue, New York, New York 10018.

7.      Upon information and belief, Defendant, Massimo Badalamenti, is an owner, officer, director and/or managing agent of Sergimmo Trattoria, whose address is unknown at this time, and who participated in the day-to-day operations of Sergimmo Trattoria and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Sergimmo Trattoria.

8.      Plaintiff, Aaron Cruz, was employed by Defendants in New York County, New York, to work as a busboy, delivery person, dishwasher and stock person/general

helper, at Defendants' restaurant known as Sergimmo Salumeria, from on or around October 28, 2014, through June 2016.

9.      At all relevant times, Defendant Sergimmo Trattoria was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

10.     At all relevant times, the work performed by Plaintiff was directly essential to the restaurant business operated by Sergimmo Trattoria.

11.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned wages and minimum wages, in contravention of the FLSA and New York Labor Law.

12.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

13.     On or about October 28, 2014, Plaintiff, Aaron Cruz, was hired by Defendants to work as a bus person, deliver person, dishwasher, and general helper, at Defendants' restaurant known as "Sergimmo Salumeria" located at 456 9th Avenue, New York, New York 10018.

14.     Plaintiff, Aaron Cruz, worked continuously for the Defendants between October 28, 2014 and the end of June 2016.

15.     During Plaintiff Aaron Cruz' employment by the Defendants, he worked six (6) days per week, and his work shift normally consisted of approximately four (4) to five (5) hours per day. He worked twenty-four (24) to thirty (30) hours per week.

16.     Plaintiff Aaron Cruz was not paid at or above minimum wage nor was he paid for all of the hours he worked. Upon information and belief, in 2015, Plaintiff was

paid $6.65 per hour. Upon information and belief, in 2016, Plaintiff was paid $7.25 per hour. Plaintiff was paid by check but his checks did not indicate his hours worked, or hourly rate. On a few occasions, Plaintiff was provided a "wage statement", which also failed to provide information such as his hours or hourly rate.

17.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff.

18.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

19.     Plaintiff was never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit."

20.     Defendants failed to properly provide notice to Plaintiff, that the Defendants were taking a "tip credit".

21.     Defendants failed to keep proper records showing the amount of tips received each day and each week by Plaintiff.

22.     Defendants caused Plaintiff to engage in non-tipped duties, which exceeded twenty percent (20%) of his work each day, including taking out all garbage; mopping; cleaning; washing dishes; and, cleaning / stocking refrigerators.

23.     Defendant, Massimo Badalamenti, is an individual who, upon information and belief, owns the stock of Sergimmo Trattoria, owns Sergimmo Trattoria, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

4

**STATEMENT OF CLAIM**

**COUNT I**
**[Violation of the Fair Labor Standards Act]**

24.      Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "23" of this Complaint as if fully set forth herein.

25.      At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

26.      At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

27.      Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

28.      Plaintiff worked hours for which he was not paid any wages.

29.      At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, for all of the hours he worked.

30.      Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff for all hours worked, and by failing to compensate Plaintiff at the statutory minimum wage rate for all hours worked, when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

31.      Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff for all hours worked.

32.     The Plaintiff did not punch a time clock; as such, the Defendants failed to make, keep and preserve accurate records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

33.     Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are believed to be inaccurate and/or false.

34.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

35.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

36.     Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages, an equal amount as liquidated damages, and prejudgment interest thereon.

37.     Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

38.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "37" of this Complaint as if fully set forth herein.

39.     At all relevant times Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

40.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay him minimum wages in the lawful amount for hours worked.

41.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid minimum wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al*. and § 198.  Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[New York Wage Theft Prevention Act Written Notice Requirements]**

42.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "41" of this Complaint as if fully set forth herein.

43.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day, on an annual basis.

44.     The New York State Wage Theft Prevention Act, effective April 2011, requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages. N.Y. Lab. Law § 195(1)(a).

45.     Plaintiff not provided with an accurate wage statement as required by law. This was done with the intention of, and with the effect of, misleading the plaintiff.

46.     Employees may recover in a civil action damages for each work week that the violations occurred or continue to occur.

47.     Defendants did not provide accurate written notices as required by the New York Wage Theft Prevention Act and as such are liable for statutory penalties.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff Aaron Cruz, respectfully requests that this Court grant the following relief:

(a)    An award of unpaid minimum wages due under the FLSA and New York Labor Law plus compensatory and liquidated damages, and interest;

(b)    An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(c)    An award of costs and expenses of this action together with reasonable attorneys' fees;

(d)    An award of prejudgment and post-judgment interest; and

(e)    Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       October 24, 2016

Respectfully submitted,

By:   _____
              Peter H. Cooper  (PHC 4714)
      CILENTI & COOPER, PLLC
      **Attorneys for Plaintiff**
      708 Third Avenue – 6th Floor
      New York, NY 10017
      Telephone  (212) 209-3933
      Facsimile   (212) 209-7102

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, AAron Cruz , am an employee currently or formerly employed by Sergimmo Trattoria , and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York

July 14, , 2016

Aaron Cruz